IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MACHADO and SANDRA GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.: 12-cv-6501 JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. No. 31)** |

Plaintiffs Oscar Machado and Sandra Garcia individually and as successors in interest to the Estate of Alex Machado filed this civil rights action alleging violations of state and federal law arising from their son's suicide while incarcerated at Pelican Bay State Prison. Now pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim. After carefully considering the pleadings and evidence submitted by the parties, the Court concludes that oral argument is unnecessary and GRANTS the motion with leave to amend.

## FACTUAL & PROCEDURAL BACKGROUND

This action arises out of the death of Plaintiffs' son, Alex Machado, while he was an inmate at Pelican Bay State Prison. Alex Machado was housed as a Level Four maximum security prisoner which meant that he was single-celled. (Complaint ¶ 22.) Prior to his death,

he was discharged from a suicide prevention unit allegedly without appropriate sub-acute mental health care. (*Id*. ¶ 21.) Alex Machado's mother, Plaintiff Sandra Garcia, contacted Correctional Counselors (pled as Doe Defendants) on multiple occasions prior to his suicide to express concerns regarding his well-being. (*Id*. ¶ 23.) On October 24, 2011, after calling for help for several hours, Alex Machado hung himself in his cell. (*Id*. ¶ 25.)

Prior to filing this lawsuit, Plaintiffs filed separate claims with the Victim Compensation and Government Claims Board. Plaintiff Oscar Machado's claim was denied on June 29, 2012. (Dkt. No. 1-1.) Plaintiff Sandra Garcia's claim was denied on April 27, 2013. (Dkt. No. 1-2.) Plaintiffs thereafter filed the underlying action on December 21, 2012.

Plaintiffs allege that Defendants, the California Department of Correction and Rehabilitation ("CDCR"), Secretary Matthew Cate, Warden Gregory Lewis, and Does 1-50, have failed to promulgate appropriate policies, guidelines and procedures and have failed to rectify improper practices/customs with regard to the mental health treatment and/or health and safety of Pelican Bay State Prison inmates. (Complaint ¶ 26.) Plaintiffs further allege that Defendants were deliberately indifferent to their son's serious medical needs and because of policies and procedures related to mental health care within the CDCR Defendants failed to properly treat their son, which resulted in his suicide. (*Id*. ¶¶ 26-28.) Plaintiffs' Complaint alleges the following claims: (1) a Section 1983 claim for violation of their First, Eighth and Fourteenth Amendment rights; (2) municipal liability under Section 1983 for violation of their Eighth and Fourteenth Amendment rights; (3) negligent hiring, failure to train and supervise; (4) violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Unruh Act; (5) negligence—wrongful death; (6) medical negligence; (7) violation of California Government Code § 845.6; and (8) violation of California Civil Code §§ 51 and 52.1

Although Plaintiffs filed the Complaint pro se, they are now represented by counsel. Defendants filed a motion to dismiss the Complaint for failure to state a claim. Plaintiffs, through counsel, have filed an opposition to the motion which contests dismissal of certain claims and concedes that others of the claims fail to state a claim as currently pled.

2

**LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted).

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), *cert. denied*, 132 S. Ct. 2101 (2012). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not

3

possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted).

## DISCUSSION

Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). They contend that the CDCR is immune from suit under the Eleventh Amendment to the United States Constitution, and that Defendants Cate and Lewis are likewise immune from suit in their official capacities and Plaintiffs have failed to state a claim for respondeat superior liability. Defendants also contend that Plaintiff's *Monell*, medical negligence, deliberate indifference including violation of the right to family relationships, negligent hiring, Americans with Disabilities Act, Rehabilitation Act, Unruh Act, wrongful death, and violation of California Government Code § 845.6 claims all fail to state a claim, and further, that Plaintiffs cannot state a claim for declaratory relief. Finally, Defendants argue that Plaintiff Sandra Garcia's state law claims are barred by the statute of limitations for failure to comply with the California Tort Claims Act. The Court addresses each category of claims in turn.

### A. Claims as to Defendant CDCR

Defendant CDCR claims that it is immune from suit under the Eleventh Amendment. Defendant is correct, in part. Plaintiffs' Section 1983 claim against CDCR must be dismissed. As Plaintiffs concede in their opposition brief, CDCR is not a "person" subject to suit under Section 1983. *See Brown v. California Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies ... are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."). Plaintiffs' argument that the Court would have jurisdiction had the CDCR removed the action from state court to federal court is unavailing; *Plaintiffs* filed this action originally in federal court so there is no question regarding removal. Accordingly, Plaintiffs' Section 1983 claims against the CDCR must be dismissed without prejudice.

4

However, Plaintiffs correctly point out that CDCR is not immune from suit for claims under the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act ("Rehab Act"). *See Yocom v. Grounds*, No. 11-5741, 2012 WL 2254221, at *5 (N.D. Cal. June 14, 2012) (holding that if plaintiff has "a valid disability discrimination claim, he may assert the claim in an amendment to the complaint against [] the CDCR, but not against any individual defendants"); *see also Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 792 (9th Cir. 2004) (holding that the state is not entitled to Eleventh Amendment immunity under Title II of the ADA or the Rehab Act). The critical question then is whether Plaintiffs have pled sufficient facts to state a claim under the ADA or the Rehab Act.

As Plaintiffs admit, the Complaint is "lacking in factual content" regarding these claims. Title II of the ADA, 42 U.S.C. § 12101 et seq., and § 504 of the Rehab Act, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services, or activities of a public entity. The elements of a cause of action under Title II of the ADA are: (1) that the plaintiff is a qualified individual with a disability; (2) that the plaintiff was either excluded from participation in or denied the benefits of a service, program, or activity of a public entity, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of disability. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). A cause of action under Section 504 of the Rehab Act essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590-91 (1999); *Duvall*, 260 F.3d at 1135.

As currently pled, Plaintiffs' Complaint fails to adequately state a claim under either the ADA or the Rehab Act. Although Plaintiffs indicate that Alex Machado had mental health issues that were not properly treated once he was released from the suicide prevention unit, they do not specifically identify his mental health issues, or what benefit, service, program or activity he was denied. Accordingly, the Court will grant Plaintiffs leave to amend their ADA and Rehab Act claims as to the CDCR.

**B.  Plaintiffs' Claims Against Defendants Cate and Lewis**

Defendants Cate and Lewis likewise argue that they are immune from suit for damages claims in their official capacity under the Eleventh Amendment. Although state officials such

as Cate and Lewis are persons, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). "As such, it is no different from a suit against the State itself." *Id.* Accordingly, the damages claims against Defendants Cate and Lewis in their official capacity must be dismissed. However, state officials sued in their official capacities are persons within the meaning of Section 1983 when sued for prospective injunctive relief or declaratory relief. *See, e.g., Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012) ("Absolute immunity is not a bar to injunctive or declaratory relief"); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) ("When sued for prospective injunctive relief, a state official in his official capacity is considered a "person" for § 1983 purposes") (internal citations omitted). Although Plaintiffs' Complaint includes a claim for declaratory relief, in their opposition brief Plaintiffs concede that they are not entitled to declaratory relief since they are not inmates and the decedent is no longer an inmate. (Dkt. No. 38 at 9.) Accordingly, Plaintiffs' claims against Cate and Lewis in their official capacities are dismissed without leave to amend.

Plaintiffs also sued Cate and Lewis in their individual capacities based on a theory of supervisory or respondeat superior liability. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). A supervisor may be held liable under Section 1983 for "1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 961 (9th Cir. 2010) (internal quotations and citations omitted).

6

1  Plaintiffs allege that:

2  The Defendants tacitly encouraged, ratified and/or approved the failure to maintain
3  adequate mental health care staffing and facilities and custody staffing as to provide
   mental health care to mentally ill inmates, their failure to house mentally ill inmates
4  according to their medical needs, the Defendants and its employee's failed to follow
5  psychiatrists' professional judgments regarding the proper treatment setting, their
   failure to provide adequate continuation of mental health care and supervision
6  following discharge from the suicidal prevention unit, their failure to provide
   emergency response, and the Defendants and its employees failure to take precautions
7  to prevent suicide for high-risk inmates.

8  (Complaint ¶ 57.)  These allegations are too general to support a claim for supervisory

9  liability as the allegations regarding Alex Machado's death are all directed at the Doe

10 Defendants.  Plaintiffs have not alleged that Cate or Lewis "had any personal knowledge of

11 the specific constitutional violations that led to Plaintiffs' [son's death], or that they had any

12 direct responsibility to train or supervise the caseworkers employed by [CDCR]." *Henry A. v.*

13 *Willden*, 678 F.3d 991, 1004 (9th Cir. 2012).  Plaintiffs' current allegations fail to

14 demonstrate either personal involvement on the part of Lewis or Cate or a sufficient causal

15 connection.  *See Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991) (A state

16 actor's individual capacity liability "hinges upon his participation in the deprivation of

17 constitutional rights").  Accordingly, Plaintiffs' claims for supervisory liability as to

18 Defendants Cate and Lewis are dismissed with leave to amend.

19 **C.  Plaintiffs' *Monell* Claim**

20 Plaintiffs' second cause of action alleges that the Defendants are liable under a theory

21 of municipal liability for a policy, custom, or practice in violation of the Eighth and/or

22 Fourteenth Amendments.  Under *Monell v. New York City Dept. of Social Services*, 436 U.S.

23 658, (1978), "local government units which are not considered part of the State for Eleventh

24 Amendment purposes" can be held liable for violations of Section 1983.  Here, however,

25 neither Defendant CDCR nor Defendants Cate and Lewis can be said to be acting as a

26 municipality.  To the contrary, as discussed above, CDCR as a state agency is entitled to

27 immunity under the Eleventh Amendment, as are Defendants Cate and Lewis as state officials

28 for suits in their official capacity.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71

1  (1989).  Plaintiffs appear to concede as much with respect to the CDCR in their opposition
2  brief, but contend that Defendants Cate and Lewis are not immune from suits for damages or
3  declaratory relief in their personal capacity.  While Plaintiffs are correct that the Eleventh
4  Amendment does not bar suits for declaratory relief against state officials in their individual
5  capacity (*see* discussion Section B *supra*) or suits for damages (*see Hafer v. Melo*, 502 U.S.
6  21, 30-31 (1991) ("the Eleventh Amendment does not erect a barrier against suits to impose
7  "individual and personal liability" on state officials under § 1983")), this does not translate
8  into a finding that Cate and Lewis are municipalities for purposes of *Monell* liability under
9  Section 1983.  *See Monell*, 436 U.S. at 690-91 (applies only with respect to suits brought
10 against "municipalities and other local government units"… stating that "[o]ur holding today
11 is, of course, limited to local government units which are not considered part of the State for
12 Eleventh Amendment purposes.") Accordingly, Plaintiffs claims for municipal liability under
13 Section 1983 are dismissed without leave to amend.

### D. Plaintiffs' Remaining Causes of Action

Defendants move to dismiss Plaintiffs' remaining causes of action for medical negligence, deliberate indifference including a violation of the right to family relationships, negligent hiring, violation of the Unruh Act, wrongful death, and violation of California Government Code § 845.6 for failure to state a claim.  The Court agrees that Plaintiffs' remaining claims are inadequately pled or as Plaintiffs describe them "lacking in factual content."  Plaintiffs contend this inadequacy is the result of the limited information available to them at the time they filed their Complaint.  The Court addresses each cause of action briefly, although Plaintiffs have not offered any substantive argument to establish that these claims are in fact adequately pled.

#### 1. Medical Negligence

Plaintiffs appear to concede, as they must, that Defendants Cate and Lewis are not the proper defendants for any claims predicated on medical negligence.  Under California law, to state a claim for medical malpractice the plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection

8

between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Gami v. Mullikin Med. Ctr.*, 18 Cal. App. 4th 870, 877 (1993).  There is no question that Defendant Cate, the Director of Corrections, and Defendant Lewis, the warden at Pelican Bay State Prison, are not medical providers subject to a medical malpractice claim.  Plaintiffs contend that they were forced to name Doe defendants rather than the actual medical providers because they only recently came into possession of the decedent's medical records.  Plaintiffs will thus be granted leave to amend the medical negligence claim to name the proper defendants.

### 2. Unruh Act

The Unruh Civil Rights Act entitles individuals to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). "To prevail on [a] disability discrimination claim under the Unruh Civil Rights Act, [a] plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm." *Wilkins-Jones v. Cnty. of Alameda*, 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012) (internal citations omitted).  Plaintiffs have not alleged that a prison is a "business establishment" for the purpose of the Unruh Act nor facts satisfied the other elements.  Accordingly, the Unruh Act claim is dismissed with leave to amend.

### 3. Deliberate Indifference

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). In the Ninth Circuit, the test for "deliberate indifference" consists of two parts: (1) the plaintiff must show a "serious medical need"; and (2) the plaintiff must show that the defendant's response to the need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Indifference may appear where officials deny, delay, or intentionally interfere

with medical treatment. *Id*. To establish deliberate indifference, a plaintiff must show a purposeful act or failure to act on the part of the defendant and resulting harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Here, Plaintiffs have included allegations which might satisfy the requirements for deliberate indifference, but they have failed to tie these allegations to the acts of any particular defendant, including a specific doe defendant. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980) (although the use of doe defendants is not favored within the Ninth Circuit, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them). Plaintiffs will be granted leave to amend this claim to include specific allegations based on information discovered subsequent to filing of the Complaint.

To the extent that Plaintiffs allege a claim for "violation of the right to family relationships" within their Eighth Amendment deliberate indifference claim, Plaintiffs' allegations fail to state a claim upon which relief can be granted and are dismissed with leave to amend.

### 4. General Negligence -- Wrongful Death

The elements of a California wrongful death claim are: "(1) a 'wrongful act or neglect' on the part of one or more persons that (2) 'cause[s]' (3) the 'death of [another] person.'" *Norgart v. Upjohn Co*., 21 Cal.4th 383, 390 (1999) (quoting Cal.Civ.Proc.Code § 377.60) (alterations in original)). Plaintiffs have not alleged a specific wrongful or negligent act on the part of a *person or persons* which caused Alex Machado's death. However, Plaintiffs will be granted leave amend to do so.

### 5. Negligent Hiring

A claim for "negligently hiring, supervising, or training an unfit employee may be appropriate if an employer has reason to know that an employee is likely, because of his or her traits, to harm others in performance of her duties, and that employee does in fact cause harm to a third person." *Turner v. Cnty. of Los Angeles*, No. 13-4149, 2013 WL 5230663, at *6 (C.D. Cal. Sept. 16, 2013) (citing *Evan F. v. Hughson United Methodist Church*, 8 Cal.App.4th 828, 836 (1992)). Here, Plaintiffs have failed to allege which employees

10

Defendants Lewis and Cate or any Doe Defendant negligently hired, supervised or trained. As such, the claim is dismissed with leave to amend.

### 6. Violation of California Government Code § 845.6

Section 845.6 provides that "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6.1. Accordingly, "[i]n order to state a claim under [section] 845.6, a prisoner must establish three elements: (1) the public employee knew of or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." *Jett*, 439 F.3d at 1099 (citing Cal. Gov't Code § 845.6). "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." *Lucas v. Cnty. of Los Angeles*, 47 Cal.App.4th 277, 287–88 (1996) (internal citations and quotations omitted).

Here, Plaintiffs' allegation that "CDCR and its employees had a duty to monitor, check and respond to persons under their custody, supervision and control" and that they "knew or had reason to know that Alex Machado was in need for immediate medical care, and failed to take follow-up medical care, and failed to take reasonable action to summon such medical care" is inadequate. (Complaint ¶¶ 81-82) ; *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), *cert. denied*, 132 S. Ct. 2101 (2012). Plaintiffs' Section 845.6 claim is dismissed with leave to amend.

Accordingly, to the extent that Plaintiffs now have a good faith basis on which to allege claims for medical negligence, deliberate indifference including violation of the right to family relationships, negligent hiring, wrongful death, and violation of California Government Code § 845.6, they may amend their complaint to do so. Any amendment should specifically detail the predicate for the claim and name the proper defendant.

11

### E. <u>Timeliness of Plaintiff Sandra Garcia's Government Tort Claim</u>

Defendants contend that Plaintiff Sandra Garcia's state tort claim should be dismissed as barred by the statute of limitations. Under the California Tort Claims Act, California Government Code § 911.2, a party has six months to file suit following accrual; here, following denial of the claim by the California Victim Compensation and Government Claims Board ("CVCGC Board"). *See Maynard v. City of San Jose*, 37 F.3d 1396, 1406 (9th Cir. 1994) ("Pursuant to the California Tort Claims Act, a plaintiff suing a city and its employees must present a claim to the city no more than six months after accrual of the cause of action."). The CVCGC Board denied Plaintiff Garcia's claim on April 27, 2012 and this action was filed December 21, 2012 – nearly two months after the deadline. Plaintiff Garcia does not dispute that the Complaint was filed after the deadline; instead, she contends that the delay should be excused under California Code of Civil Procedure § 473, California Government Code § 946.6, the doctrine of equitable tolling, or estoppel. Defendants counter that the filing deadlines are mandatory and deprive the Court of jurisdiction to consider her claims.

The thrust of Plaintiff's tolling argument rests on the contention that Defendants failed to provide documents or information to Plaintiff which would have indicated that she needed to file a claim such that Defendants should be estopped from arguing that her claim is time-barred. Plaintiff's contention is belied by the record and legally unsupported. The notice from the CVCGC Board denying Plaintiff Garcia's claim clearly states "Subject to certain exceptions, you have only six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim" citing Government Code Section 945.6. (Dkt. No. 1-2 at p. 3.) Further, Plaintiff Oscar Machado timely filed suit within six months of the denial of his claim suggesting knowledge of the filing deadline; as does Plaintiff Garcia's concession that since she and Plaintiff Machado were filing a court action together, she mistakenly believed that their claims could rely on the later date for filing. (Dkt. No. 38, 7:18-20.) Equitable estoppel applies to estop a public entity "from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act." *John R. v. Oakland Unified School Dist*., 48

12

Cal.3d 438, 445 (1989) (internal citations omitted). "The purpose of the requirement that claims be filed is to provide the public entity with full information concerning rights asserted against it, so that it may settle those of merit without litigation. Therefore, the public entity cannot frustrate a claimant's ability to comply with the statutes enacted for its benefit and then assert noncompliance as a defense." *Christopher P. v. Mojave Unified School Dist.*, 19 Cal.App.4th 165, 172, 23 Cal.Rptr.2d 353 (1993) (internal citations omitted). Here, Plaintiff Garcia has failed to allege any specific acts by Defendants which frustrated her ability to comply with the limitations period and the record suggests that, to the contrary, she chose to wait to file her claim until December 2012 because she and Oscar Machado were filing the action together.

Although Plaintiff Garcia does not make any argument in support of her claim that the late filing should be excused based on California Code of Civil Procedure § 473, California Government Code § 946.6, or the doctrine of equitable tolling, the Court considers each theory in turn. Plaintiff's first two theories are easily disposed of—California Code of Civil Procedure § 473 does not apply to claims barred by the statute of limitations. *Castro v. Sacramento County Fire Protection Dist.*, 47 Cal.App.4th 927, 933 (1996). California Government Code § 946.6 is equally unavailing as it provides a remedy for individuals who file their claim to the CVCGC Board late, but not when an individual fails to timely file a court action following denial by the CVCGC Board. However, the doctrine of equitable tolling requires more serious consideration.

"The doctrine of equitable tolling can apply to the notice of claim procedures of Section 911.2(a)." *Jaffe v. County of Santa Clara*, No. No. 03-00137, 2008 WL 2050813, at *3 (N.D. Cal. May 13, 2008). Under California law, equitable tolling applies where a plaintiff can show "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Lucchesi v. Bar–O Boys Ranch*, 353 F.3d 691, 694–95 (9th Cir. 2003) (citing *Collier v. City of Pasadena*, 142 Cal.App.3d 917, 924, 191 Cal.Rptr. 681 (1983)). The purpose of the equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a

13

good faith litigant from having a day in court." *Addison v. State*, 21 Cal.3d 313, 319 (1978). Here, there is no dispute that Plaintiff Oscar Machado's claim was timely filed nor is there a dispute that the claim of Plaintiff Machado is identical to that of Plaintiff Garcia. Thus, any prejudice to Defendants of gathering evidence to defend Plaintiff Garcia's claim is marginal at best. As to the third factor, Plaintiff contends that she mistakenly believed that since they were filing a court action together, they could rely on the later date for filing. (Dkt. No. 38, 7:19-20.) This allegation, however, which might support equitable tolling "as an "honest, inadvertent mistake that worked no prejudice to the Defendants," is not included in the Complaint. Accordingly, Plaintiff Garcia's state tort claims must be dismissed with leave to amend to allege facts supporting equitable tolling. Of course, as discussed above, she must also amend her state law claims to properly state a claim should she desire to proceed on these claims.

## CONCLUSION

Based on the foregoing, Defendants Motion to Dismiss (Dkt. No. 31) is GRANTED as follows:

(1) Plaintiffs' first cause of action based Section 1983 for violation of their First, Eighth and Fourteenth Amendment rights is dismissed without prejudice as to Defendant CDCR and Defendants Cate and Lewis in their official capacity. Plaintiffs are granted leave to amend the claim as to Defendants Cate and Lewis in their individual capacities under a supervisory liability theory and as to the Doe Defendants.

(2) Plaintiffs' second cause of action for municipal liability under Section 1983 for violation of their Eighth and Fourteenth Amendment rights is dismissed with prejudice;

(3) Plaintiffs' third cause of action for negligent hiring, failure to train and supervise is dismissed with leave to amend;

(4) Plaintiffs' fourth cause of action for violation of the Americans with Disabilities Act and the Rehabilitation Act is dismissed with prejudice except that Plaintiffs are granted leave to amend the ADA and Rehab Act claims as to Defendant CDCR; Plaintiffs' Unruh Act claim is dismissed with leave to amend;

(5) Plaintiffs' fifth cause of action for negligence—wrongful death is dismissed with leave to amend;

(6) Plaintiffs' sixth cause of action for medical negligence is dismissed with leave to amend;

(7) Plaintiffs' seventh cause of action for violation of California Government Code § 845.6 is dismissed with leave to amend; and

(8) Plaintiffs' eighth cause of action for violation of California Civil Code §§ 51 and 52.1 is dismissed with prejudice.

The motion to dismiss is GRANTED as to Plaintiff Sandra Garcia's state law claims on the ground that they are barred by the six month statute of limitations with leave to amend to allege facts supporting equitable tolling.

Plaintiffs may file an amended complaint in accordance with this Order within 30 days. If Plaintiffs fail to timely file an amended complaint, the dismissal will become final.

**IT IS SO ORDERED.**

Dated: October 28, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

15